IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOEY WILSON and
BRADLEY WILSON,

                                  Hon. Judith E. Levy
    Plaintiff,                     Case No. 17-14065

v.

TRANSWORLD SYSTEMS, INC and
SHERMETA LAW GROUP, PLLC

    Defendants.

---

# JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order Regarding the submission of this Rule 26(f) Report and Proposed Scheduling Order:

**1.**     **DATE OF MEETING**

Counsel participated in completing the Joint Status Report on February 15, 2018.

**2.**     **BASIS OF JURISDICTION**

Federal question jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

**3.**     **CASE SUMMARY**

    **a.**     **Plaintiff's statement of the case**

Plaintiff alleges violations of the of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of

Collection Practices Act (RCPA), MCL 445.251 et seq. in that the Defendant law firm Shermeta at the direction of TSI and for a Secured Trust called National Collegiate Student Loan Trust 2007-1 (NCSLT), sued Plaintiff on the an education debt NCSLT does not own or were never assigned the debt Defendants claim is owed by the Wilson.  Two recent depositions in other NCSLT District cases has now revealed that by contract, NCSLT is not the real party in interest in the 15th District Court case where NCSLT is the Plaintiff and Shermeta is the law firm that filed the lawsuit against the Wilsons.

### b. **Defendants' Statement of the Case**

Defendants deny the allegations in Plaintiffs' Complaint, and, in particular, deny any liability for alleged violation of the FDCPA, RCPA, or any other federal and state law.

### 4. **RELATIONSHIP TO OTHER CASES**

Plaintiffs herein are  defendants in an action on the underlying debt, which is presently pending in the State of Michigan 15th District Court. Plaintiffs herein filed a counterclaim in that state court action against National Colligate Student Loan Trust 2007-1.

### 5. **AMENDMENT OF PLEADINGS**

Plaintiffs would like to amend to fix any typos to the Federal action and to add another aspect of the allegation regarding Defendants suing the Wilsons on a debt NCSLT does not own or was assigned according to their own contract, deposit and sale agreement and the Indenture between NCSLT 2007-1 and the Trustee, U.S Bank, NA.  Plaintiffs allege that U.S. Bank has received the "entire rights, title and interest" in the debt NCSLT is suing the Plaintiffs upon. Defendants will amend their Answer appropriately to assist their defenses.

### 6. **DISCOVERY PLAN**

### a. **Plaintiffs' Proposed Plan**

      Plaintiffs will mirror Defendants' plan and may depose Shermeta's Attorney of record in the State case and any other witness regarding ownership or assignment of the debt.

**b.  Defendants' Proposed Plan**

Defendants will request production of documents and serve interrogatories and requests for admissions on Plaintiffs in order to narrow the issues for trial. Defendants will take the deposition of Plaintiffs.

**c.  Changes to Mandatory Disclosures**

There are no proposed changes to the timing or substance of any of the mandatory disclosures under Fed. R. Civ. P. 26(a)(1).

**d.  Expert Disclosures and Discovery**

There are no proposed changes to the timing or substance of any of the Court's Presumptive Limitations on discovery in relation to Experts. The parties understand that mandatory rule 26(a)(2) disclosures will be exchanged prior to the close of discovery. The parties agree that either party may conduct expert discovery within 60 days of that disclosure.

**e.  Case Management and Discovery Cutoffs**

The Parties believe that 180 days is sufficient for discovery.

**f.  Electronic Discovery**

    i.  **Procedures and Protocols for disclosure and discovery of ESI**

        The parties do not anticipate the need for any special procedures or protocols for disclosure and discovery of ESI at this time.

**g.  Changes to Scope of Discovery under Rules**

None.

### h. Additional Limitations on Discovery

The parties anticipate that there may be requests for discovery of material which may be claimed to be of a confidential nature. In that event, the party seeking confidential treatment will move for a protective order within the time for response or waive objections.

## 2. SETTLEMENT PROSPECTS AND ADR RECOMMENDATIONS

No settlement discussions have been conducted. Defendants do not agree to case evaluation. Defendants may consider attending a mediation as a mechanism for ADR.

### ESTIMATED TRIAL TIME

Counsel estimate the trial will be approximately 2-3 days including jury selection.

Proposed Scheduling Order:

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures: | March 22, 2018 |
| Lay Witness List: | July 3, 2018 |
| Exhibit List: | July 3, 2018 |
| Expert Witness List – Plaintiff: | July 3, 2018 |
| Expert Witness List – Defendant: | August 1, 2018 |

| Close of Discovery – Fact and Expert: | August 15, 2018 |
|---|---|
| Early Settlement Conference: | August 15, 2018 |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony: | September 14, 2018 |
| All Other Motions, Including Motions in Limine: | November 15, 2018 |
| Joint Final Pretrial Order: | February 8, 2019 |
| Final Pretrial Conference: | February 15, 2019 |
| Trial: | March 18, 2019 |

Respectfully submitted,


*/s/    Brian P. Parker*
*Brian Parker for Plaintiff Crawford*



*/s/ Justin H. Homes*
Justin Homes
Sessions Fishman Nathan & Israel
*Attorney for Plaintiff*
3850 N.  Causeway Blvd., Suite 200
Metairie, LA 70002-7227
(504) 846-793a
jhomes@sessions.legal

Morgan I. Marcus
Daniel W. Pisani
Sessions Fishman Nathan & Israel, LLC

120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603-3651
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-mail:     mmarcus@sessions.legal
            dpisani@sessions.legal

Deborah A. Lujan
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI 48075
Phone: (248) 351-5417
Fax: (248) 351-6011
deborah.lujan@ceflawyers.com

*Attorneys for Transworld Systems Inc.*


*/s/* Jeffrey S. Hengeveld
Jeffrey S. Hengeveld (P66029)
*Attorney for Defendant Shermeta,*
*Law Group, PLLC*
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 594-8202
jhengeveld@plunkettcooney.com

*Attorneys for Shermeta Law Group, PLLC*

Open.19910.80136.19844518-1